IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**HERMINIO LOPEZ**,

    Plaintiff,

    v.

**YAMHILL COUNTY, et al.**,

    Defendants.

No. CV 3:10-1497-AC

OPINION AND ORDER

**MOSMAN, J.**,

On July 14, 2011, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [34] in the above-captioned case recommending that I dismiss plaintiff's claims in their entirety as to all defendants. Plaintiff filed objections on July 22, 2011 [37], which included a request for permission to submit evidence to the court. Defendant Mark Lawrence filed a response to plaintiff's filing on July 27, 2011 [38]. I deny plaintiff's request to submit additional evidence and adopt the F&R as my own opinion.

### STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Here, plaintiff seeks to submit new evidence but does not explain what evidence he seeks to submit. Plaintiff only refers to a transcript from December 6, 2011. (Pl.'s Obj. (37) 1-2). This future date appears to be a typographical error but plaintiff has made no effort to correct it and the court cannot discern what evidence Plaintiff would like to submit. Nor has plaintiff attempted to explain why the evidence was not submitted for Judge Acosta's consideration or during the two previous similar lawsuits that plaintiff initiated in federal court. *See Howell,* 231 F.3d at 623 (district court properly declined to consider factual allegations raised for the first time in objections because the objecting party had "neglected to present any facts to the magistrate judge and failed to adequately explain this deficiency"). Additionally, plaintiff has not explained how the evidence could possibly contradict Judge Acosta's application of the *Rooker-Feldman* doctrine. No matter what plaintiff's additional evidence might be, as explained in the F&R, the *underlying claims* that plaintiff asserts attack state-court proceedings. Given plaintiff's complete lack of explanation, it would be inequitable to delay a decision on this matter

2 – OPINION AND ORDER

further. For these reasons, I exercise my discretion and deny plaintiff's request to submit additional evidence.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [34] as my own opinion.

IT IS SO ORDERED.

DATED this   11th   day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER